**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

TAMIKA L. JOHNSON
*an individual, on behalf of herself and all others similarly situated*
3817 Echodale Avenue
Baltimore, Maryland 21206

    Plaintiff,

v.

BIERER LAW GROUP, P.A.
f/k/a BIERER & MARGOLIS, P.A.
502 S. Sharp Street, Suite 1100
Baltimore, MD 21201

    SERVE ON:
    RESIDENT AGENT
    JONATHAN BIERER
    502 S. Sharp Street, Suite 1100
    Baltimore, Maryland 21201

    Defendant.
_____/

**CLASS ACTION**

CIVIL ACTION NO. 1:16-cv-3672

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Tamika L. Johnson, an individual, on behalf of herself and all others similarly situated, sues Defendant, Bierer Law Group, P.A., a Maryland professional association, and alleges:

### I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits

debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1331.

3. This Court has jurisdiction over the Defendant and venue in this Court is proper as the acts complained of occurred in this state and because the Plaintiff is a resident of Maryland.

## III.   ALLEGATIONS AS TO PARTIES

4. Plaintiff, Tamika L. Johnson ("Ms. Johnson"), is *sui juris* and a resident of Baltimore City, Maryland.  Ms. Johnson's maiden name is "Stewart."

5. At all times material hereto, Defendant, Bierer Law Group, P.A. ("Collection Law Firm"), was a Maryland professional association engaged in the collection of consumer debts.  Bierer Law Group is formerly known as "Bierer & Margolis, P.A."  The business entity changed its name with the Maryland State Department of Assessments and Taxation on or about December 31, 2015.

## IV.   FACTUAL ALLEGATIONS

*A.  Details of Student Loan Collection Activity of Defendant*

6. Several years prior to the filing of the instant action, Ms. Johnson obtained a student loan to finance her education ("Johnson Student Loan").

7. The Johnson Student Loan was subsequently assigned to National Collegiate Student Loan Trust ("NCSLT") under unknown terms and for unknown consideration.

8. Subsequent to the assignment of the Johnson Student Loan to NCSLT, NCSLT retained the Collection Law Firm for the purpose of collecting monies purportedly owed under the Johnson Student Loan.

9  On or about November 9, 2015, the Collection Law Firm sent or caused to be sent to Ms. Johnson a collection letter, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting the Johnson Student Loan ("Initial Collection Communication").

10. A true and correct copy of the Initial Collection Communication is attached hereto and incorporated herein by reference as Exhibit "A."

## B. *Validation Violation*

1. *General*

    11. 15 U.S.C. §1692g provides, in pertinent part, the following:

    Notice of Debts; Contents

    Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

    (a)  The amount of the debt;

    (b)  The name of the creditor to whom the debt is owed;

    (c)  A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (d)   A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or

any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(e) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

12. As detailed below, the Collection Law Firm failed to provide a disclosure of the rights of Ms. Johnson and all others similarly situated in a manner which would not confuse or frustrate the least sophisticated consumer of his/her rights under 15 U.S.C. §1692g.

   *2. Improper Disclosure Concerning Validation Procedure*

13. The Collection Law Firm violated the requirements of 15 U.S.C. §1692g by failing to inform consumers that the debt validation procedure under 15 U.S.C. §1692g(a)(4) required that the dispute be made in writing.

14. The Collection Law Firm violated the requirements of 15 U.S.C. §1692g by failing to inform consumers that the debt collector would provide the consumer with the name and address of the original creditor, if different from the current creditor, upon the consumer's written request within a thirty-day validation period in contravention of 15 U.S.C. §1692g(a)(5).

   *3. Improper Disclosure Concerning Time Period for Dispute*

15. The Collection Law Firm violated the requirements of 15 U.S.C. §1692g(a)(4) by stating that the "right to request validation of the debt **within thirty**

4

**days of this letter** exists independent of whether a lawsuit is filed against you" (emphasis added by Plaintiff).

16. Under 15 U.S.C. § 1692g(a)(4), the right to obtain debt verification commences "within thirty days **after receipt**" of the notice of the validation rights of consumers under 15 U.S.C. § 1692g (emphasis added).

 4. *Improper Overshadowing by the Collection Law Firm*

17. Through the Initial Collection Communication, the Collection Law Firm stated *inter alia* as follows:

> If you are unable to pay the balance at this time, you should contact my office so we can mediate this matter this matter and discuss alternatives that are reasonable to all parties. Good communication is essential in reaching an amicable resolution of your account. **However, should we fail to hear from you within thirty days we will assume, by your silence, that the debt is valid and we shall proceed accordingly.**

(emphasis by Plaintiff)
("Overshadowing Provision")

18. The Overshadowing Provision of the Initial Collection Communication provides a confusing disclosure to Ms. Johnson and all others similarly situated of the time period for exercising the rights of consumers to dispute a consumer debt as the least sophisticated consumer may believe that the time period for exercising the right to dispute the debt or to obtain the name and address of the original creditor commenced and ended in a period less than thirty days from the receipt of the Initial Collection Communication by the consumer.

5

19. Through the Initial Collection Communication, the Collection Law Firm stated:

> Notwithstanding your right to dispute the validity of the debt within this thirty day period, we may institute a collection lawsuit. You right to request validation of the debt within thirty days of this letter exists independent of whether a lawsuit is filed against you. In the event a lawsuit is filed against you, your rights and obligations to respond to the lawsuit are separate from your right to seek validation and are governed by the laws of the State of Maryland.

("Collection Activity Provision")

20. The Collection Activity Provision of the Initial Collection Communication provides a confusing disclosure to Ms. Johnson and other persons similarly situated of the effect of the exercise of the rights of Ms. Johnson to debt validation, or to obtain the name and address of the original creditor, if different from the current creditor as provided by 15 U.S.C. §1692g. By not informing Ms. Johnson and other persons similarly situated, that upon exercise of the right to obtain debt validation by a consumer, the Collection Law Firm was required to cease collection of the debt, or any disputed portion thereof, until the debt collector obtained verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification of judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector as mandated by 15 U.S.C. §1692g(b), the least sophisticated consumer may believe that the Collection Law Firm could continue with the prosecution of a collection lawsuit without providing debt validation or other required information.

21. The Collection Activity Provision of the Initial Collection Communication provides an inconsistent and inaccurate disclosure of the time period for exercising the consumer's right to dispute the debt or to request the name and address of the original creditor. In particular, the Initial Collection Communication stated that the time period for exercising the foregoing rights was "within thirty days of [the] letter" when a consumer had the right to dispute the debt and request debt validation and the name and address of the original creditor "within thirty days after receipt" of the Initial Collection Communication under 15 U.S.C. §1692g(a)(3), (4), and (5).

## V. PRACTICES OF DEFENDANT

22. It is or was the practice and policy of Defendant to fail to provide a proper disclosure of validation rights under 15 U.S.C. §1692g.

## VI. CLASS ACTION ALLEGATIONS

23. This action is brought on behalf of a class consisting of (i) all persons to Whom letters in the same or substantially similar form as Exhibit "A" were sent (ii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants, was incurred for personal, family, or household purposes (iii) which were not returned undelivered by the U.S. Post Office (iv) during the one year period prior to the filing of the complaint in this action.

24. Plaintiff alleges on information and belief based on the Defendant's use of letters in the form or substantially similar form of Exhibit "A" that the class is so numerous that joinder of all members is impractical. Based on Defendant's use of letters

in the form or substantially similar form of Exhibit "A," Plaintiff estimates that the class includes hundreds or thousands of class members.

25. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form or substantially similar form of Exhibit "A."

26. The principal legal issues are whether Defendant's letters in the form or substantially similar form of Exhibit "A" violate the FDCPA in that Defendant failed to provide a proper disclosure of validation rights under 15 U.S.C. §1692g.

27. The claims of Ms. Johnson are typical of those of the class members. All are based on the same facts and legal theories.

28. Ms. Johnson will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

29. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

 (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

 (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

31. Ms. Johnson requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

32. As a result of Defendant's conduct, Plaintiff and the class have suffered a concrete and legally cognizable injury by not receiving the disclosures mandated by Congress under the FDCPA. Accordingly, Plaintiff and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

33. Plaintiff and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Tamika L. Johnson, an individual, requests judgment be entered in her favor and in favor of the class against Defendant, Bierer Law Group, P.A., a Maryland professional association, for:

    A.    Declaratory judgment that the above-described conduct of Defendant violates the Fair Debt Collection Practices Act;

    B.    Statutory damages pursuant to 15 U.S.C. §1692k;

    C.    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

    D.    Such other and further relief as this Court may deem just and equitable.

~~~~~~~~~~/s/~~~~~~~~~~~~~~~~~~~~
KATHLEEN P. HYLAND (Bar No. 30075)
Hyland Law Firm, LLC
16 E. Lombard Street, Suite 400
Baltimore, MD  21202
(410) 777-8536 Telephone
(410) 777-8237 Fax
kat@lawhyland.com
*Counsel for Plaintiff*

ROBERT W. MURPHY
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
rwmurphy@lawfirmmurphy.com and
rphyu@aol.com
*Counsel for Plaintiff*
*To be admitted pro hac vice*

## DEMAND FOR JURY TRIAL

Plaintiff, Tamika L. Johnson, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

~~~~~~~~~~/s/~~~~~~~~~~~~~~~~~~~~
KATHLEEN P. HYLAND

10